**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Anne Bowman, a single woman; and Ryan John Mette, a single man, <br><br> Plaintiffs, <br><br> vs. <br><br> Wells Fargo Bank, N.A., a California corporation registered as a foreign corporation in Arizona, <br><br> Defendant. | No. CV-09-271-PHX-DGC <br><br> **ORDER** |

This action arises from a trustee's sale of real property located in Glendale, Arizona. The complaint asserts four claims: injunction against eviction, wrongful foreclosure, quiet title, and negligence. Dkt. #1-1 at 2-13. Plaintiffs have filed a motion for partial summary judgment. Dkt. #24. Defendant has filed a cross-motion for summary judgment. Dkt. #35. The motions are fully briefed. Dkt. ##38, 40. For reasons that follow, summary judgment will be granted in favor of Defendant.[1]

**I.    Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed

---

[1] Plaintiffs' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Counts One Through Three.

Counts one and two of the complaint – injunction against eviction and wrongful foreclosure – allege that the foreclosure was wrongful because Defendant failed to provide Plaintiffs notice of the trustee's sale as required by A.R.S. §§ 33-808 and 33-809. Dkt. #1-1 ¶¶ 32-53. Count three asserts a quiet title claim "due to wrongful trustee's sale." *Id.* ¶¶ 54-57.

Plaintiffs seek partial summary judgment as to liability on counts two and three of the complaint. Dkt. #24. Defendant is liable as a matter of law, Plaintiffs contend, because it failed to name Megan Bowman as a "trustor" on the notice of trustee's sale in violation of A.R.S. § 33-808(C)(5). *Id.* at 8-10. Plaintiffs assert that this violation renders the notice invalid and the sale void. *Id.* at 3, 8-10; *see* Dkt. ##1-1 ¶ 42, 25 ¶¶ 14-15. Defendant seeks summary judgment on counts one through three (Dkt. #35 at 14), arguing that the omission of Bowman's name from the notice of trustee's sale does not invalidate the sale pursuant to A.R.S. § 33-808(E) (*id.* at 5-6), that Plaintiffs' objections to the notice are barred under A.R.S. § 33-811(C) (*id.* at 6-7), that there is no evidence of causation (*id.* at 8-9), and that the trustee complied with A.R.S. § 33-808(C)(5) (*id.* at 9-13).

As explained more fully below, the Court finds, pursuant to A.R.S. § 33-808(E), that the failure to include Bowman's name on the notice of trustee's sale does not void the sale. The Court therefore will grant summary judgment on counts one through three in favor of Defendant. Given this ruling, the Court need not address Defendant's other arguments regarding counts one through three.

Section 33-808(C) provides that the notice of trustee's sale, among other things, shall

contain "the name and address of the original trustor as stated in the deed of trust[.]" A.R.S. § 33-808(C)(5). The notice in this case identifies Ryan Mette as original trustor. Dkt. #25 at 32. Plaintiffs assert that Bowman is a "trustor" as defined in A.R.S. § 33-801(11) and pursuant to the language of the deed of trust (Dkt. #25 at 9-16), and section 33-808(C)(5) therefore required the inclusion of her name on the notice of trustee's sale. Dkt. #24 at 9-12. The failure to comply with this requirement renders the sale void, Plaintiffs contend, because, under *Patton v. First Federal Savings and Loan Association of Phoenix*, 578 P.2d 152 (Ariz. 1978), lenders must "strictly comply" with the deed of trust statutes and those statutes must be "strictly construed" in favor of the borrower. *Id.* at 8-9.

In 1987, the Arizona Legislature amended section 33-808 to provide that "[a]ny error or omission in the information required by subsection C or D of this section . . . shall not invalidate a trustee's sale." A.R.S. § 33-808(E); 1987 Ariz. Sess. Laws, Ch. 286.[2] Defendant argues, correctly, that even if Bowman were found to be an "original trustor as stated in the deed of trust," *see* A.R.S. § 33-808(C)(5), the failure to identify her as such in the notice of trustee's sale does not void the sale. Dkt. #35 at 5-6.

Plaintiffs assert that subsection E is unconstitutional, but present no argument in support of this assertion. Dkt. #38 at 8. Plaintiffs contend that regardless of subsection E, "case law remains committed to the *Patton* doctrine of strict construal and borrower protection." *Id.* at 9. But even if, under *Patton* and its progeny, the deed of trust statutes must be strictly construed in favor of the borrower, there is "no room for construction" in this case. *Schooner v. Ariz. Title Ins. & Trust Co.*, 616 P.2d 898, 901 (Ariz. Ct. App. 1980). Section 33-808 is unambiguous: the omission of the name of an original trustor in a notice "shall not invalidate a trustee's sale." A.R.S. § 33-808(E). "Unambiguous language needs no construction." *Schooner*, 616 P.2d at 901.

Plaintiffs do not dispute that the notice and mailing requirements of A.R.S. §§ 33-

---

[2]The parties erroneously state that subsection E was added in 2000. *See* Dkt. ##35 at 5, 38 at 6.

1   808(A) and 809(C) have been met. Dkt. #25 ¶¶ 14-15. Under A.R.S. § 33-808(E), the
2   omission of Bowman's name from the notice of trustee's sale does not void the sale.
3   Plaintiffs have cited no legal authority to the contrary. *Compare Ten Z's Inc. v. Perry*, 801
4   P.2d 438, 439-40 (Ariz. Ct. App. 1990) (finding sale valid under the 1986 version of section
5   33-808(C) where the notice failed to contain the street address or identifiable location but
6   contained an adequate description of the property). The Court will grant summary judgment
7   on counts one through three in favor of Defendant.

8   Plaintiffs contend that the Court's preliminary injunction rulings constitute law of the
9   case. Dkt. #24 at 5-8. Those rulings – that Bowman appeared to be a "trustor" under the
10  statutory definition and likely could reinstate if the trustee's sale were to be re-noticed (Dkt.
11  #22 at 43-45) – are not conclusions on "pure issues of law" and therefore are non-binding.
12  *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th
13  Cir. 2007). Moreover, counts one through three are barred under A.R.S. § 33-808(E) even
14  if Bowman is deemed to be trustor.

## III.     Count Four.

16  Mette obtained a $64,000 loan to purchase the Glendale property in 1996. In January
17  1999, Plaintiffs obtained a second loan secured by a deed of trust to the property. That loan
18  consisted of a $24,000 home equity loan and a $10,000 line of credit. Plaintiffs divorced in
19  early 2004, and Bowman was awarded the Glendale property subject to the first and second
20  loans. In June 2008, after Bowman had fallen behind on her loan payments, the parties
21  entered into a reinstatement agreement with respect to the first loan. Defendant foreclosed
22  on the second loan on November 3, 2008. Dkt. #1-1 ¶¶ 5-16.

23  The negligence claim asserted in count four of the complaint alleges that Defendant
24  had a duty to include the second loan in the reinstatement agreement (*id.* ¶ 59), and to notify
25  Bowman of the loan's omission from the agreement and that Defendant had instituted
26  foreclosure proceedings on the loan. *Id.* ¶¶ 59-60. Defendant allegedly breached those
27  duties when it foreclosed on the second loan. *Id.* ¶¶ 61-62.

28  Defendant argues that it is entitled summary judgment on count four because it did

not owe Bowman the duties alleged. Dkt. #35 at 14-16. The tort of negligence requires that the defendant owed the plaintiff a duty. *See Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). Whether a duty exists is decided by the Court as a matter of law. *Id.*

Plaintiffs assert that Defendant had a "professional relationship" with Bowman. Dkt. #38 at 20. The relationship between a bank and an ordinary customer is no more than that of debtor and creditor. The relationship does not give rise to a professional or fiduciary duty. *See McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1258 (Ariz. Ct. App. 1992). Taking the facts in the light most favorable to Plaintiffs, as required on summary judgment, nothing more than an ordinary banking relationship existed. Plaintiffs originally did their banking with Norwest Bank, but Norwest merged with Defendant in 1998. *See* Dkt. ##1-1 ¶ 6, 25 ¶ 1. During the loan modification discussions in 2008, Bowman had two loans with Defendant: the original mortgage on the Glendale property and a home equity loan and line of credit. Dkt. ##1-1 ¶¶ 5-10, 25 ¶ 1. This relationship – debtor and creditor – did not give rise to a professional or fiduciary duty. *See McAlister*, 829 P.2d at 1258.

Plaintiffs further assert that Defendant "undertook a number of actions and made certain representations concerning how Plaintiff Bowman could save her property from loss." Dkt. #38 at 20. Defendant sent Plaintiffs several letters stating, "We value you as a customer and have several options that may help you keep your home" (Dkt. #39 ¶ 19), and, "We want to ensure you have every opportunity to retain your home" (*id.* ¶ 25). Certain employees of Defendant purportedly stated that they believed the second loan should have been included in the reinstatement agreement. *Id.* ¶ 34. Plaintiffs contend that Defendant "created a duty to take care in its handling of [Bowman's] loan issues" (Dkt. #38 at 20), but cite no supporting legal authority.

Plaintiffs' fact-specific argument does not establish a duty in this case. "The issue of duty is not a factual matter; it is a legal matter to be determined *before* the case-specific facts are considered." *Gipson*, 150 P.3d at 232 (emphasis in original). Arizona courts have cautioned against "narrowly defining duties of care in terms of the parties' actions in particular cases" because "a fact-specific discussion of duty conflates the issue with the

concepts of breach and causation." *Id.*; *see Coburn v. City of Tucson*, 691 P.2d 1078, 1080 (Ariz. 1984) (attempting to "equate the concept of 'duty' with such specific details of conduct is unwise"); *Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 367 (Ariz. 1985) ("the existence of a duty is not to be confused with details of the standard of conduct"). Plaintiffs' fact-based argument therefore cannot give rise to a duty under Arizona law.

In summary, Plaintiffs have not shown that Defendant owed Bowman a duty. In the absence of duty, there can be no claim for negligence. *Gipson*, 150 P.3d at 230. The Court will grant summary judgment on count four. Given this ruling, the Court need not discuss Defendant's other arguments regarding count four.

## IV. Estoppel.

Plaintiffs assert that the facts establish Bowman's right to set aside the trustee's sale based on the doctrine of estoppel. Dkt. #38 at 14. "The general rule is that estoppel must be specifically pleaded or else it is waived." *Contempo Constr. Co. v. Mtn. States Tel. & Tel. Co.*, 736 P.2d 13, 16 (Ariz. Ct. App. 1987). Plaintiffs did not plead estoppel in the complaint. *See* Dkt. #1-1 at 2-13. Nor do the facts alleged provide fair notice of an estoppel claim. The deadlines for amending pleadings, conducting discovery, and filing dispositive motions have passed. Dkt. #12 ¶¶ 2, 4, 7. Plaintiffs have not shown good cause to extend those deadlines. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Plaintiffs' new estoppel argument therefore is not sufficient to defeat summary judgment in favor of Defendant.

**IT IS ORDERED:**

1. Plaintiffs' motion for partial summary judgment (Dkt. #24) is **denied**.
2. Defendant's cross-motion for summary judgment (Dkt. #35) is **granted**.
3. The Clerk is directed to enter judgment accordingly.

DATED this 6th day of April, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge